WITDOCK, APPELLEE, *v.* GYSELBRACHT, APPELLANT.

(Decided December 9, 1940.)

*Messrs. Reams, Bretherton & Neipp,* for appellee.
*Mr. Harold T. Towe,* for appellant.

LLOYD, J.   Defendant, Fred Gyselbracht, appeals to this court on questions of law from a judgment of the Court of Common Pleas entered on a verdict of $1,500 in favor of the plaintiff, Emil Witdock.

On February 15, 1939, plaintiff, a gratuitous guest passenger in a Dodge coupe owned and being operated by the defendant on a highway in the state of Michigan, was injured when it collided with another automobile bearing a California license, but by whom driven or owned, the evidence does not disclose. In his petition, the plaintiff alleges that the defendant was guilty of:

"Gross negligence and wilful and wanton misconduct  *  *  *:

"1. In driving said Dodge coupe at a greater speed than was reasonable and proper, taking into consideration the conditions of the highway.

"2. In driving said Dodge coupe at a rate of speed in excess of 55 miles per hour.

"3. In failing to come to a full stop on Stearns road before entering U. S. Route 25.

"4. In failing to keep a lookout for vehicles traveling on U. S. Route 25.

"5. In failing to arrest the speed of said Dodge coupe in order to avoid colliding with said automobile which was traveling on U. S. Route 25.

"6. In failing to use ordinary care in the operation of said Dodge coupe under the circumstances then and there existing.

"7. In failing to sound any warning by horn or otherwise to apprise traffic on U. S. Route 25 of the approach of said Dodge coupe.

"8. In failing to yield the right of way to traffic on U. S. Route 25.

"9. In violating the following statutes of the state of Michigan."

The statutes of Michigan to which reference is made include the guest statute, so-called, and relate only to the regulation of traffic on the highways of that state.

In his answer, defendant pleads that the Michigan statute, also pleaded in the petition of the plaintiff, provides that:

"No person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

In his answer, the defendant also pleads and enumerates some twenty or more decisions of the state of

Michigan construing this statute, with a synopsis of each. The alleged collision having occurred in Michigan, is governed by the law of Michigan as announced by its Supreme Court. That court has repeatedly held that "gross negligence" as used in this statute is synonymous with "wilful and wanton misconduct" and in conjunction with those words covers only such acts as are committed intentionally, purposely, designedly, as distinguished from negligence, which is a failure to exercise ordinary care.

Giving to the facts developed by the evidence their full measure of probative value, their legal import is in accord with, but not more comprehensive, than those pleaded by the plaintiff in his petition. These pleaded facts are an enumeration of acts of commission and omission, none of which, however, amounts to anything more than a failure to exercise ordinary care. None of them constitutes "gross negligence or wilful and wanton misconduct" within the meaning of the Michigan statute as construed by the Supreme Court of that state, nor, as counsel for the plaintiff contend, can "a series of negligent acts" each of which is no more than a failure to exercise ordinary care, when thus tacked together, become "gross negligence or wilful and wanton misconduct" within the Michigan Supreme Court interpretation of the statute.

The judgment of the Court of Common Pleas is therefore reversed and final judgment entered for the defendant.

*Judgment reversed and final judgment for appellant.*

CARPENTER and OVERMYER, JJ., concur.